UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWN C. EDWARDS, | No. 2:17-cv-02077 CKD P |
| Petitioner, | |
| v. | ORDER |
| STU SHERMAN, | |
| Respondent. | |

Petitioner is a state inmate proceeding pro se in this federal habeas corpus action filed pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the undersigned to conduct all proceedings in this matter and enter judgment in this case. See ECF Nos. 10, 13. Currently pending before the court is respondent's motion to dismiss which has been fully briefed by the parties. See ECF Nos. 11, 15, 20. For the reasons that follow, the motion to dismiss will be granted and petitioner's application for federal habeas corpus relief will be dismissed with prejudice based on the statute of limitations.

**I.    Factual and Procedural Background**

Petitioner was convicted of assault with a deadly weapon in the Sacramento Superior Court in 2011 following a jury trial. ECF No. 1 at 1-2. He was sentenced to serve 13 years in prison. Id. Petitioner did not directly appeal his decision to the California Court of Appeal. Id. In his federal habeas corpus application, petitioner raises a hodge-podge of claims largely centered around the

assertion that the knife that was used to commit the assault was tampered with and, therefore, petitioner was unlawfully convicted based on false evidence. See ECF No. 1 at 5-20.

The court notes from the outset that the victim in the instant case was petitioner's uncle and that the assault occurred at petitioner's grandfather's house. Petitioner repeatedly contends in the federal habeas petition that he was not the perpetrator. Instead, his uncle was somehow, although confusingly, responsible for getting stabbed in the back. Compare ECF No. 1 at 28 (explaining that "Jermaine Hicks injury was not from an assault by Mr. Edwards, but from a struggle that took place while Mr. Edwards defended himself.") with ECF No. 1 at 96 (preliminary hearing transcript describing victim's injury as a "one-inch puncture wound in his back."). The only other person present in the home during the assault, although not an eyewitness, was petitioner's grandfather. ECF No. 1 at 102 (preliminary hearing testimony).

Petitioner's first legal challenge to his conviction was not filed until May 2014, although the exact date is unclear because petitioner only filed a cover page that was attached to another prisoner's civil rights complaint. See State Lodged Doc. No. 2. The Sacramento County Superior Court dismissed this habeas corpus petition without prejudice on June 24, 2014 due to the "mix-up with regard to petitioner's intended pleadings." See State Lodged Doc. No. 3. For the next three years, petitioner filed additional state habeas petitions in the trial court, the California Court of Appeal, and the California Supreme Court, albeit in a confusing and non-linear fashion. See State Lodged Doc. Nos. 4-17. The court finds it unnecessary to detail the filing dates of each of these state habeas petitions because they are not relevant in calculating the statute of limitations for the reasons explained below.[1]

**II.     Motion to Dismiss**

Respondent contends in his motion to dismiss that the instant federal habeas petition was filed more than five years after the statute of limitations expired. ECF No. 11 at 5. Based on respondent's calculation, petitioner's conviction was final on August 30, 2011 following the

---

[1] Nor does the court find it necessary to calculate the date of filing of each unsigned or undated state habeas corpus petition by applying the prison mailbox rule because it will not change the legal conclusion reached by the court that the federal habeas petition was filed over five years late.

2

expiration of time to file an appeal in the California Court of Appeal. See ECF No. 11 at 4. The statute of limitations started on the next day and expired one year later on August 30, 2012. Id. Since petitioner did not file any state habeas corpus petition until May 2014, he is not entitled to any statutory tolling of the statute of limitations. ECF No. 11; see also 28 U.S.C. § 2244(d)(2). Petitioner's federal habeas corpus application was not filed until October 2, 2017 using the prison mailbox rule. Id. at 5; see also ECF No. 1 at 15.

In his opposition to the motion to dismiss, petitioner raises three arguments in support of equitably tolling the statute of limitations in order to render his habeas petition timely filed. ECF No. 15. He first asserts that his trial attorney rendered ineffective assistance for not filing "his automatic appeal, or consulting with petitioner on filing his appeal after trial." ECF No. 15 at 1. Next, petitioner contends that he is actually innocent based on his post-conviction request for scientific and DNA testing that was never conducted. Id. at 2; see also Cal. Penal Code § 1405 (motion for DNA testing). Lastly, petitioner argues that he lacked access to his case file or trial transcripts.[2] ECF No. 15 at 2. In support of his contention that he lacked access to his legal paperwork, petitioner submitted a prison administrative appeal from August 2017 in which he complained that he was being denied his legal property. ECF No. 1 at 209-213.

### III. Statute of Limitations Analysis

Section 2244(d) (1) of Title 28 of the United States Code contains a one year statute of limitations for filing a habeas petition in federal court. The one year clock commences from several alternative triggering dates which are described as:

> "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing ... is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court ... and made retroactively

---

[2] The court notes that the trial transcripts were never prepared in this case due to the lack of a direct appeal. Therefore, even at the time of filing his federal habeas corpus application, petitioner lacked his trial transcripts. He did however attach a copy of the preliminary hearing transcript to his federal habeas petition.

3

applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on September 6, 2011 following the expiration of time to seek direct review by the California Court of Appeal.[3] Cal. Rules of Court, Rules 1.110, 8.308(a); see also Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). Therefore, the statute of limitations commenced the next day and expired one year later on September 6, 2012.[4] See Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001) (using the anniversary date method for calculating the statute of limitations). Therefore, the instant federal habeas corpus petition filed on October 2, 2017 was filed more than five years late, absent any statutory or equitable tolling.

**A. Statutory Tolling**

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000). The statute of limitations is not tolled from the time when a direct appeal in state court becomes final to the time when the first state habeas petition is filed because there is nothing "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, the tolling provision of § 2244(d)(2) can only pause a clock not yet fully run; it cannot "revive" the limitations period once it has run (i.e., restart the clock to zero). Thus, a state court habeas petition filed after the expiration of AEDPA's statute of limitations does not toll the limitations period under § 2244(d)(2). See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.

---

[3] Respondent incorrectly used the date of sentencing rather than the date judgment was entered to determine petitioner's 60 day appeal window. Compare ECF No. 11 at 4 with Lodged Doc. No. 1 (Abstract of Judgment). Since judgment was entered on July 5, 2011, the end of the sixty-day period for petitioner to file a direct appeal was Saturday, September 3, 2011. Since the deadline fell on a weekend and Monday was a court holiday due to Labor Day, petitioner had until Tuesday, September 6, 2011 to file a direct appeal.

[4] Petitioner does not suggest any alternate start date for the one year statute of limitations, nor has the court found any after its review of the record.

2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

In the instant case, petitioner did not file any state habeas petition until May 2014, at the earliest. A state habeas corpus petition filed after the expiration of the statute of limitations does not revive it. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, as respondent points out, petitioner is not entitled to any statutory tolling while his state habeas corpus petitions were pending in state court.[5] His federal petition remains untimely unless petitioner is entitled to equitable tolling.

**B. Equitable Tolling**

A court may equitably toll the statute of limitations if petitioner demonstrates: 1) the existence of an "extraordinary circumstance" that prevented him from timely filing; and, 2) that notwithstanding such an impediment he was diligently pursuing relief. See Holland v. Florida, 560 U.S. 631, 649 (2010). "[T]he threshold necessary to trigger equitable tolling ... is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted). In this case, the court finds that petitioner has failed to demonstrate the existence of an extraordinary circumstance or the diligence necessary to justify equitable tolling.

Petitioner first requests equitable tolling based on his trial attorney's alleged ineffectiveness in failing to file a notice of appeal. After reviewing the relevant state court records, the court finds that petitioner first raised this claim in his state habeas corpus petition filed in the Sacramento County Superior Court on March 28, 2016. See State Lodged Doc. No. 9. The trial court dismissed the petition for lack of jurisdiction on April 26, 2016 because petitioner was seeking

---

[5] Thus, the court need not reach the issue of whether any state court motion for DNA testing or petition for writ of mandate from the denial thereof would toll the statute of limitations under 28 U.S.C. § 2244(d)(2). See e.g. Hodge v. Greiner, 269 F.3d 104, 107 (2d Cir. 2001) (finding that the petitioner was not entitled to statutory tolling for a state court motion that "did not challenge his conviction); see also Sakellaridis v. Warden, 2012 WL 2374562 (C.D. Cal. 2012) (finding that a superior court motion for DNA testing and a subsequent petition for writ of mandate in the California Court of Appeal did not qualify for statutory tolling); Johnson v. Lewis, 310 F.Supp.2d 1121, 1125 (C.D. Cal. 2004) (concluding that the petitioner was not entitled to statutory tolling for a petition for writ of mandate because it sought the return of property seized during his arrest and was not directed at his underlying conviction and sentence).

5

"to obtain relief from the default in failing to file a timely notice of appeal…." See State Lodged Doc. No. 10. Petitioner was instructed to file "a petition for relief from the default directly with the Third District Court of Appeal." Id.

In May 2016, petitioner attempted to file a habeas corpus petition in the California Court of Appeal, but it was returned because it lacked an original signature. See State Lodged Doc. No. 11. Finally, on June 29, 2016 petitioner constructively filed a habeas corpus petition in the California Court of Appeal challenging his trial counsel's failure to file an appeal. See State Lodged Doc. No. 11. The California Court of Appeal denied the habeas petition without reason or citation to authority. See State Lodged Doc. No. 12 (undated California Court of Appeal decision). Petitioner's subsequently filed state habeas petitions did not raise his trial attorney's failure to file an appeal. Instead, they focused on the trial court's failure to grant petitioner's post-conviction motion for DNA testing. See State Lodged Doc Nos. 14, 16.

Based on this state court record, the court finds that petitioner is not entitled to equitable tolling of the statute of limitations based on his trial attorney's failure to file an appeal. Just as in Canales v. Roe, 151 F.3d 1226 (9th Cir. 1998), petitioner waited to seek relief from his trial attorney's error. In this case, petitioner waited almost five years after he was sentenced to raise the issue of his lack of a direct appeal. By the time petitioner raised this claim, he had already filed three habeas corpus petitions, although two of those were in the trial court. See State Lodged Doc. Nos. 2, 5, 7. As the Ninth Circuit Court of Appeal emphasized in Canales, "[n]o Supreme Court or other federal case has held that, despite an available delayed appeal procedure like that in California, the Constitution requires that a defendant be given a right to proceed with an appeal as long after counsel's error as he wishes." 151 F.3d at 1231. Even assuming that petitioner's trial attorney was ineffective in failing to file an appeal, the court finds that petitioner is not entitled to equitable tolling on this basis because petitioner has not demonstrated his diligence in seeking relief.[6]

---

[6] The court does not find that failing to file a notice of appeal rises to the level of attorney abandonment that would warrant equitable tolling of the statute of limitations. See Holland v. Florida, 560 U.S. 631 (2010) (remanding federal habeas petition to the court of appeal to determine whether equitable tolling warranted when counsel: 1) "failed to file Holland's federal

Petitioner's next request for equitable tolling is based on his claim of actual innocence. However, his assertion of actual innocence falls far short of the standard required by the United States Supreme Court in Schlup v. Delo, 513 U.S. 298 (1995). A conflict in trial testimony or conclusory allegations of evidence tampering, like those raised by petitioner in this case, are not sufficient to fit within the "narrow class of cases" described by the Supreme Court in Schlup. Id. at 315. Petitioner fails to present any "new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial" to demonstrate his actual innocence. Schlup, 513 U.S. at 324. Accordingly, petitioner is not entitled to equitable tolling of the statute of limitations based on his assertion of actual innocence.

With respect to petitioner's request for equitable tolling based on his lack of access to his legal paperwork, the court denies this claim based on petitioner's failure to demonstrate that it was the but-for cause of his untimely filing. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008 (9th Cir. 2009) (denying equitable tolling because petitioner failed to demonstrate that lack of access to his legal materials actually caused him to file his federal habeas petition almost a year late). The lack of trial transcripts in this case did not prevent petitioner from filing his federal habeas petition as he lacked access to them even at the time of filing. See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)(holding that the prisoner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing"). Furthermore, the documentation petitioner submitted in support of this request demonstrates that he did not lack access to his legal file during the relevant time period when the statute of limitations was actually running, i.e. from September 2011 until September 2012. See ECF No. 1 at 209-213. Therefore, it was not the but-for cause of his inability to file a federal habeas petition five years later. See Waldron-Ramsey, 556 F.3d at 1013.

petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so…."; 2) "apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules."; 3)" failed to inform Holland in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information."; and, 4) "failed to communicate with his client over a period of years, despite various pleas from Holland….").

### IV. Plain Language Summary for Pro Se Party

Since petitioner is acting as his own attorney in this case, the court wants to make sure that the words of this order are understood. The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing the motion to dismiss and the arguments made in opposition, the court has determined that you filed your federal habeas petition too late. The court reached this conclusion in large part because none of the post-conviction challenges that you filed in state court paused the time period for filing your federal habeas petition in this court. The one year federal statute of limitations had already passed by the time you filed any legal challenge to your conviction in state court. Your explanations for the delay (ineffective trial counsel, actual innocence, and lack of access to transcripts) do not establish a legal basis to excuse your untimely filing. As a result, the claims raised in the habeas petition will not be addressed on the merits and your petition is dismissed with prejudice.

### V. Certificate of Appealability

Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). The court declines to issue a certificate of appealability in this case because jurists of reason would not find the court's statute of limitations' ruling debatable. In the event that petitioner files a notice of appeal, he may request a certificate of appealability directly with the Ninth Circuit Court of Appeals. See Fed. R. App. P. 22(b)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 11) is granted.
2. Petitioner's application for federal habeas corpus relief is dismissed with prejudice based on the statute of limitations.

////

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253(c).

Dated: April 20, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/edwa2077.mtd.docx